UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUSSELL W. TURPEN,            )<br>    *Plaintiff*,            )<br>                                             )<br>    *vs.*                                   )<br>                                             )<br>MICHAEL J. ASTRUE, Commissioner of Social  )<br>Security,                               )<br>    *Defendant.*            ) | 1:11-cv-00729-JMS-TAB |

## **ORDER**

Presently before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (the "Fee Petition"). [Dkt. 32.] Through it, Mr. Turpen seeks $11,850.50 for prevailing against the government in this Social Security disability case.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires the Court to award prevailing parties like Mr. Turpen reasonable attorney's fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner here argues only that its position was substantially justified.

As the Seventh Circuit has noted, "[t]he key statutory term, 'substantially justified,' is neither defined nor self-evident." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 381 (7th Cir. 2010). Nonetheless, courts have interpreted it to require the government's position to have been "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person and hence has a reasonable basis both in law and fact. The case must have sufficient merit to negate an inference that the government was coming

down on its small opponent in a careless and oppressive fashion." *Id.* at 381-82 (citations, quotations, and alteration omitted).

Here, reasonable minds might have differed about the necessity of a remand, particularly given the relatively narrow grounds upon which the Court decided this matter: an issue of fact as to whether Mr. Turpen submitted his military records in a timely manner, and clarification of the ALJ's description of the "success" of Mr. Turpen's work history." [Dkt. 30 at 8, 17.] The overwhelming bulk of the Commissioner's decision was upheld, and the potential for reasonable disagreement on the very narrow grounds upon which the Court remanded the matter negates any inference that the government was being careless and oppressive with respect to Mr. Turpen. And even though the Court ordered a remand, the Court finds that the Commissioner was substantially justified in its denial of Mr. Turpen's benefits and in its defense of that denial in this matter.

Accordingly, the Fee Petition, [dkt. 32], is **DENIED**.

01/24/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com